UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| LARRY McGUIRE and | ] | |
|---|---|---|
| MARTINEZ CARTER | ] | |
| Plaintiffs, | ] | |
| | ] | |
| v. | ] | No. 1:12-0122 |
| | ] | JUDGE HAYNES |
| JERALE FAHY, et al. | ] | |
| Defendants. | ] | |

## MEMORANDUM

Plaintiffs, Larry McGuire and Martinez Carter, inmates at the Maury County Jail in Columbia, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Jerale Fahy and Craig Dapolito, guards at the Maury County Jail. Plaintiffs seek damages for the Defendants' alleged assault of them.

According to the complaint, Defendant Fahy a corrections officer entered the Plaintiffs' housing unit to conduct a head count. An inmate in the unit was making a great deal of noise. Fahy allegedly thought that Plaintiff McGuire was the culprit and asked McGuire to stop. Plaintiff McGuire denied making any noise, but the noise continued. Fahy allegedly then approached Plaintiff McGuire again and "through[] his shoulder at me and hit me with it." Plaintiffs contend that Fahy's assault of Plaintiff McGuire violated McGuire's right to be free from cruel and unusual punishment. Plaintiffs allege that Defendant Dapolito failed to respond to Plaintiffs' allegations about Defendant Fahy. Martinez Carter remains confined at the Maury County Jail, but McGuire has since been transferred to the West Tennessee State Penitentiary in Henning, Tennessee. (Docket Entry No. 6).

There are not any facts alleged about any injury to Carter.

To state a claim under 42 U.S.C. § 1983, the Plaintiffs must plead that the defendants, while acting under color of state law, deprived them of some right or privilege secured by the Constitution or laws of the United States. Flagg Bros. V. Brooks, 436 U.S. 149, 155-56 (1978).

The Eighth Amendment prohibits the unnecessary and wanton infliction of pain upon a prisoner. Griffin Hardrick, 604 F.3d 949, 953 (6th Cir. 2010). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. 1, 9 (1992). The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not a sort repugnant to the conscience of mankind. An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Wilkins v. Gaddy, 130 S.Ct. 1175, 1178 (2010).

Here, Fahy allegedly threw his shoulder and made contact with Plaintiff McGuire. Neither Plaintiff alleges any injury from this contact. Plaintiffs' allegations present a *de minimis* use of force and does not state a claim for an excessive use of force. Carter fails to state any factual allegations or actionable claims against Defendant Dapolito. Thus, the Court concludes Plaintiffs' complaint fails to state a claim for relief under Section 1983. 28 U.S.C. § 1915(e)(2).

An appropriate order is filed herewith.

WILLIAM J. HAYNES, JR.
Chief District Judge